**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TENNESSEE**
**AT KNOXVILLE**

| | | |
|---|---|---|
| CLAUDIA MARTINEZ CASTRO, by and through her next friend, GREGORY ANTHONY TORRES,<br><br>Petitioner,<br><br>v.<br><br>BRENT GIBSON, FIELD OFFICE DIRECTOR, MARKWAYNE MULLIN, TODD BLANCHE, and UNITED STATES OF AMERICA,<br><br>Respondents. | ) | No.: 3:26-CV-483-KAC-DCP |

**ORDER**

Petitioner Claudia Martinez Castro, a Honduran national, was allegedly arrested on September 30, 2026 in this District and "turned . . . over" to United States Immigration and Customs Enforcement ("ICE") [*See* Doc. 1 ¶¶ 10, 18]. Petitioner, through purported next friend Gregory Anthony Torres, filed a (1) "Verified Petition for Writ of Habeas Corpus and Request for Declaratory and Injunctive Relief" [Doc. 1] and (2) "Emergency Motion for Temporary Restraining Order and Memorandum in Support" [Doc. 4]. Petitioner is purportedly being detained at the Roger D. Wilson Detention Facility in Knoxville, Tennessee [*See* Doc. 1 ¶ 12].

Three immediate issues present themselves. ***First***, it is unclear if Petitioner is currently in this District, such that this Court has jurisdiction. "For 'core habeas petitions,' 'jurisdiction lies in only one district: the district of confinement.'" *Trump v. J. G. G.*, 604 U.S. 670, 672 (2025) (quoting *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004)). Petitioner is not listed as a current inmate in the custody of the Knox County Sheriff's Office, which would generally include the Roger D. Wilson Detention Facility. *See* https://sheriff.knoxcountytn.gov/inmate.php. And she was

allegedly "turned . . . over" to ICE, which leaves her physical location uncertain [*See* Doc. 1 ¶ 18]. Accordingly, it is not clear that this Court has jurisdiction to hear the Petition. *See Trump*, 604 U.S. at 672. This Court has an affirmative obligation to ensure that is has jurisdiction to hear this action. *See* 28 U.S.C. § 2241(a). To address the issue of this Court's jurisdiction, Respondents must file a Notice by **October 8, 2026** identifying Petitioner's "district of confinement." *See Trump*, 604 U.S. at 672.

***Second***, even if this Court has jurisdiction, the Petition lacks sufficient explanation for why Petitioner cannot litigate on her own behalf. And even if "next friend" status could be appropriate, the Petition does not explain why Gregory Anthony Torres, the husband of Petitioner's mother-in-law, [Doc. 1 ¶ 11], is authorized to proceed on Petitioner's behalf as "next friend," *see, e.g., Whitmore v. Arkansas*, 495 U.S. 149, 163-64 (1990), *Cardin v. United States*, 947 F.3d 373, 376 (6th Cir. 2020). To resolve this issue, Petitioner **MUST** file a Notice with additional facts and law establishing the propriety of "next friend" status by **October 8, 2026**.

***Third***, Petitioner relies on the purported "Verified Petition" to support her request for a temporary restraining order [*See* Docs. 1, 4]. But the "Verified Petition" appears to be based not on the affiant of verifier's personal knowledge but on "discussions" the affiant/verifier "or persons working at my [her] direction" have had with various others [*See* Doc. 1 at 17]. It is unclear whether this satisfies the requirements of Federal Rule of Civil Procedure 65(b)(1). So, Petitioner **MUST** address this issue too in the Notice due by **October 8, 2026**.

**SO ORDERED.**

**ENTER:**

/s/ Katherine A. Crytzer
KATHERINE A. CRYTZER
United States District Judge